## CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY

*v.*

## FRANCES KNEIRIM, Admx.

*Filed at Springfield June 14, 1894.*

1. RAILROADS—*duty as to machinery a continuing one.* The duty imposed by law upon a railroad company in providing and keeping in repair machinery, etc., is a continuing one, calling for reasonable diligence in the supervision and inspection of such machinery.

2. SAME—*delegation of duty does not relieve the master.* The duty of supervision and inspection of machinery is a primary duty of the company, as master, the delegation of which does not relieve the company, and the inspector intrusted with such duty must perform it with the same diligence required of a natural person who is master.

3. SAME—*how far servant may assume duty has been done.* A "helper" employed in a railroad yard, whose duty is to "catch" and set brakes on moving cars coming to him fresh from inspection, without previous opportunity of examination, may assume the required diligence as to machinery, etc., has been exercised by the company.

4. SAME—*what risks such a "helper" assumes.* While such a helper assumes the ordinary risks of his employment, he does not assume risk of the negligence of his employer respecting machinery.

5. Same—*lack of opportunity to examine, relieves servant.* A helper, required to use cars and brakes but just inspected, without opportunity of examination, is not responsible for defects in a brake of which he is ignorant, and his failure to examine the brake under such circumstances is not contributory negligence.

6. Same—*"helper's" responsibility differs from that of regular brakeman.* A helper in a switch yard, who must act promptly, without examining brakes, differs in responsibility from a regular brakeman, who makes long runs and whose important duties are with the brakes. *Jewell case,* 46 Ill. 99, and *Bragonier case,* 119 id. 51, distinguished.

7. Fellow-servants—*helper, inspector, brakeman—relation, a question of fact.* Whether a helper in a yard is a fellow-servant with a train brakeman who rides the train in from a distance or with the inspector who inspects the cars on arrival, is a question of fact, for the jury, and the relation of such servants cannot be declared in the instructions as a conclusion of law.

8. Same—*"co-operation" and "habitual association."* Either "co-operation in a particular business" or "habitual association," giving rise to mutual influence promotive of caution, etc., will, under our decisions, make servants "fellows." Both these elements are not required, and instructions which use the conjunctive form in stating the rule are erroneous.

9. Instructions—*as to negligence should not disregard declaration.* Where the only negligence charged is failure to fasten a brake-wheel upon the staff, whereby a brakeman was killed, an instruction that if the brakeman received his injury *because of the negligence of the company's inspectors in not noticing and reporting defects,* the company would be liable, etc., is not proper, not being confined to the negligence charged in the declaration.

10. Same—*what proper as to measure of damages.* An instruction that the jury, finding for plaintiff, may allow what they "deem just and reasonable from all the evidence, not exceeding the amount claimed in the declaration," does not authorize damages by way of *solatium,* the proper elements of damage being averred in the declaration.

11. Same—*when erroneous instructions will not reverse.* If it appears to the court, in examining the evidence to determine the correctness of instructions based on the facts, that a different verdict could not have been properly rendered, upon the evidence, under instructions entirely proper, the judgment will not be reversed, although the instructions are erroneous.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. Francis M. Wright, Judge, presiding.

| | |
|---|---|
| 152 | 458 |
| 205 | [8]212 |
| 205 | [10]645 |
| 206 | [8]460 |
| d109a | [2]497 |
| 152 | 458 |
| 211 | [2]131 |
| 111a | [2] 52 |
| 152 | 458 |
| 215 | 590 |

On April 1, 1890, George H. Kneirim, appellee's intestate, was killed by being run over by a car of appellant in the yards at Danville Junction. He was a yard switchman, employed by appellant to assist in switching cars in the yard. His duties were to couple and uncouple cars, and also to manage the brakes upon the cars which were being switched. About eight o'clock in the night in question he was engaged, with other servants of appellant, in distributing cars about the yards. He got upon a section of the train and rode thereon a distance of a block or more, when, for some reason, he fell off and was run over by the car upon which he was riding. When found, the car which ran over him was without a wheel upon the brake-staff, and the threads of the screw upon which the nut or cap turned were found to be rusty, and at the side of the track, in the ditch, was a brake-wheel. The train containing the car in question came to the yards from the south some time that evening, and was inspected by train inspectors employed in the yards by appellant, and who had been so employed for several years, and who were well known to the deceased, he having worked in the same yards several years, and having frequently handled cars which had passed their inspection. When last seen, prior to the accident, deceased was standing on the alleged defective car, beside the brake, with his lantern down on the platform. The car was loaded with sand, and had come from a sand-pit down the road.

The appellee, as the administratrix of the estate of the deceased, brought suit in the Vermilion county circuit court, against the appellant, for damages, under the statute, and alleged in her declaration, as the negligence upon which the action was based, that the appellant carelessly and negligently failed to have the said brake-wheel properly and securely fastened upon the brake-staff, so that the same would not come off when a brakeman, in the use of the wheel, attempted to set the brake. A trial was had in the Vermilion county circuit court, which resulted

in a verdict in favor of the appellee for $5000. A motion for a new trial was overruled, judgment was rendered upon the verdict, and an appeal was taken to the Appellate Court for the Third District. At the May term, 1892, of the latter court the judgment was affirmed, and appellant now brings the case, on appeal, to this court."

Mr. W. H. Lyford, and Mr. J. B. Mann, for the appellant.

Mr. M. W. Thompson, and Mr. G. W. Salmans, for the appellee.

Mr. Justice Phillips delivered the opinion of the court:

The questions arising on this record are on the motion of appellee to exclude the evidence and instruct the jury to find for the defendant, on instructions given for appellee, and the modification of instructions asked by appellant.

It is the duty of the company to exercise reasonable and ordinary care and diligence in providing and keeping in repair reasonably safe machinery and appliances for the use of its servants; and this is a continuing duty, requiring the company to exercise reasonable diligence and care in supervision and inspection. The delegation of that duty to an employee does not relieve the company from liability because of the negligence of that employee in the discharge of that duty. *Chicago, Burlington and Quincy Railroad Co.* v. *Avery,* 109 Ill. 314; *Chicago and Northwestern Railway Co.* v. *Jackson,* 55 id. 492; *Same* v. *Swett, Admr.* 45 id. 197.

The duties of George H. Kneirim, as a helper in the yards, were to catch and couple cars. A train coming into the yards is checked up on the switch list, with each car number put down opposite the destination of the car. The foreman in charge of the yard engine takes the list, cuts off the cars and places them on the different tracks

for the purpose of making up the several trains or transferring to another road. The helpers, in catching the cars, climb on and set the brakes, and when making up the train couple the cars. The helper would mount the car when in motion, by the direction of the foreman, or, when knowing his duties, without direction from any one. It also appears from the evidence that a train coming into the yards where Kneirim was injured, would be left by the train crew that brought it in, and there be examined by the inspectors employed for that purpose, their duty being, to inspect the train before the yard engine cuts the train up. By that inspection they were to examine all the cars, to see if they were in proper condition for running, and, if any of the machinery and appliances were out of repair, to fix the same, but if unable to fix them, to mark the car with chalk over its number, and it was then to be sent to the shops. The inspectors who examined this train did not inspect the brake-staff of the car, because of the imperfect and unsafe condition of which plaintiff was injured. The evidence shows that the nut which held the wheel on the brake-staff was off, and, from the rusted appearance of the threads on the staff,—they being filled with rust,—had been off for several weeks. Kneirim, who was on duty as a helper, and in the night time, when this car was cut from the train and sent back on the switch, mounted the car while it was in motion, and after it had run several car lengths set the brake, and the wheel coming off of the brake-staff caused him to fall and be run over, so injuring him that death soon resulted.

It is insisted that Kneirim assumed the ordinary hazards of his employment, and was required to use reasonable care and caution for his own safety, and should have examined the brake to assure himself it was in a proper condition of repair. Whilst Kneirim assumed the ordinary dangers and risks of his employment, he did not assume a risk of the negligence of the employer in failing

to have the cars and appliances in a reasonably safe condition.  He had a right to believe the cars were, as to their repair, in a reasonably safe state, and that the master's duty in that regard had been discharged.  They had just passed an inspection by men employed for that purpose.  His duties required him to act promptly, and it cannot be expected or required that he should act with the deliberation and circumspection that could be exercised by the inspectors.  He could not, from the nature of the duties he discharged, be expected to examine the brake-rod as to whether there was a loss of a nut, that caused it to become unsafe.  The car had not been under his supervision or control.  He had no former care of it. It passed him, and whilst in motion his duties required him to mount it and set the brake.   He was not, and could not be, responsible for the defect, nor could he be held guilty of contributory negligence in failing to examine the brake-rod, wheel and nut, under the circumstances.   *Chicago and Northwestern Railway Co.* v. *Jackson*, 55 Ill. 492.

The case of a helper in a switch yard is unlike the case of a brakeman on a freight train, whose most important duty is the management of the brakes, and whose duties bring him in contact with the train such a length of time that it becomes his reasonable duty to see whether the brakes are in order, as held in *Chicago and Alton Railroad Co.* v. *Bragonier, Admx.* 119 Ill. 51, and in *Illinois Central Railroad Co.* v. *Jewell, Admx.* 46 id. 99.   In the latter case it was held: "The condition of the brake was a matter under the special care of the brakeman, and it was his business, at all times, to see that it was in a fit condition for use, and report defects to the company." The jar of a train in motion having a tendency to cause the nuts to loosen and come off, the brakeman is required to be constant and watchful as to the condition of the brakes. Where a car is sent out immediately after inspection, and in an unsafe condition of repair, and injury results from

such cause and under such conditions, a case would be presented, as to brakemen, that is not included in the *Bragonier case* and in the *Jewell case, supra.*

It is next urged that the injury resulted to Kneirim through the negligence of a fellow-servant. The claim is, that the brakeman who brought the train to the yards was charged by law with the duty of ascertaining that the brake was in order, and report any defects to the proper person, that they might be remedied, and the car inspectors were charged with a like duty; that Kneirim was frequently handling cars coming from such brakeman and passing such inspection. The master's duty of supervision and inspection is one that cannot be delegated so as to relieve the master of liability. Whilst a corporation must act through its servants, yet when such servants are entrusted with a duty that belongs to the principal as a primary duty, the negligence of the servant entrusted with that duty is negligence for which the principal is liable. The corporation can only see, examine and determine the condition of repair in which a car may be, by its inspectors. That duty must be exercised with the same degree of diligence by such employees as is imposed on a natural person who may be the master. Whether the brakeman and the helper were engaged in a distinct and wholly different business, and whether a relation existed between them by which one might exercise any influence on the other promotive of proper caution, are questions of fact, as is also the question of the relation of this helper to the train crew with which the brakeman served, who brought the train into the yards and there left it in charge of the inspectors. Not until the latter had made their inspection was the train in charge of the foreman of the yards to be broken up for the purpose of making up other trains, and only after inspection was the work of the switch engine and helper brought into requisition. Whether the helper, under such circumstances, is a fellow-servant of the brakeman who brought the train

into the yards, or of the inspectors, is to be passed on by the jury, and it was not error to refuse to instruct the jury to find for the defendant.

Error is assigned in giving instructions for appellee. The first instruction given for appellee correctly stated the duty of the appellant as to furnishing reasonably safe machinery and appliances, and its duty to exercise reasonable diligence, care and skill in keeping the same in repair. The second instruction given for the appellee was:

"It is the duty of a railroad company to provide car inspectors to inspect their cars and trains and machinery, and to see that the same are in proper repair; and if a brakeman in the employ of a company, while in the exercise of due care and caution for his own safety, should receive an injury on account of the negligence or carelessness of such car inspector in not noticing and reporting defects in the machinery, then and in that case such company would be liable to the parties injured for such injury, unless you believe, from the evidence, they were fellow-servants in the same line of employment, as defined in these instructions."

The negligence charged in the declaration was: "The plaintiff avers that the defendant then and there carelessly and negligently failed to have said wheel properly and securely fastened upon said brake-staff, so that the same would not come off when a brakeman, in the use of said wheel, attempted to set said brake, and by reason of said wheel not being properly and securely fastened, and the negligence and carelessness of the said defendant, as aforesaid, said Kneirim was thrown upon the tracks, injured and killed." The negligence charged was in failing to have the brake-wheel securely fastened upon the brake-staff, etc. By the second instruction the jury are told that it is the duty of the company to provide car inspectors, and if a brakeman receives an injury because of the negligence of the inspectors in not noticing and

reporting defects, the company would be liable.    The
attention of the jury should have been directed to the
negligence charged in the declaration, and not to the
negligence of the inspectors in failing to notice defects.
The instruction was improper.    The cause of the injury
was shown to have been the defective fastening of the
wheel to the brake-staff.

Appellant excepted to the giving of the third instruc-
tion for appellee and the modification of the fifth instruc-
tion asked by the appellant.    The questions raised in
these two instructions may be considered together.

The third instruction given for appellee, to which
objection is made, is as to the definition of fellow-serv-
ants, as, they "must be such as are engaged in the same
line of employment, and whose duties bring them into
habitual association with each other, so that they may
exert a material influence upon each other promotive of
proper caution."    The fifth asked by the appellant was
modified so as to state, if "they were engaged in the same
general line of business, directly co-operating with each
other in the particular business, and that their duties
were such as to bring them into contact and habitual
association with each other in such a manner that they
would exercise upon each other a mutual influence pro-
motive of proper caution."

The rule in this State is, that where one servant is in-
jured by the negligence of another servant, where they are
directly co-operating with each other in a particular busi-
ness in the same line of employment, or their duties being
such as to bring them into habitual association, so that
they may exercise a mutual influence upon each other pro-
motive of proper caution, and the master is guilty of no
negligence in employing the servant causing the injury,
the master is not liable. *Chicago and Northwestern Railroad
Co.* v. *Moranda,* 93 Ill. 302 ; *Stafford* v. *Chicago, Burlington and
Quincy Railroad Co.* 114 id. 244 ; *Chicago and Eastern Illinois
Railroad Co.* v. *Geary,* 110 id. 383 ; *North Chicago Rolling Mill*

*Co.* v. *Johnson,* 114 id. 57 ; *Chicago and Northwestern Railway Co.* v. *Snyder,* 117 id. 376 ; *Same* v. *Same,* 128 id. 655 ; *Chicago and Alton Railroad Co.* v. *Hoyt,* 122 id. 369 ; *Chicago and Northwestern Railway Co.* v. *Moranda,* 108 id. 576 ; *Chicago and Alton Railroad Co.* v. *Kelly,* 127 id. 637 ; *Joliet Steel Co.* v. *Shields,* 134 id. 209.

These instructions, as given and modified, did not correctly state the rule as to the relations of fellow-servants. Servants may be directly co-operating with each other in a particular business, in the same line of employment, and yet not be such that their duties bring them into habitual association, so that they may exercise a mutual influence on each other promotive of proper caution. These clauses should have been connected by the disjunctive "or" instead of the conjunctive "and." The error, however, in the second and third given for appellee, and the modification of the fifth asked by appellant, when the facts were made so prominent by the evidence as appears in this record, could not have misled the jury to the prejudice of the appellant. The duties of the car inspectors and of the helper were clearly shown by the evidence. Their relation to each other depended on evidence which was clear and explicit. The proximate cause of the injury could not have been misunderstood, and the error in the instructions, under the facts in this case, could not have prejudiced the appellant. Whilst this court is bound by the finding of facts as made by the Appellate Court, it yet becomes the duty of this court to look into the evidence in the record in determining the correctness of instructions based on the facts of a case. Where this duty, thus imposed, is discharged by this court, and from the evidence it appears that no other verdict than that rendered could have been properly returned by the jury under instructions entirely correct, we are not required to reverse a judgment because of errors in instructions.

The fourth instruction given for appellee was, if the jury should find for the appellee they should assess the damage at whatever sum they "should deem just and reasonable, from all the evidence in the case, not exceeding the amount claimed in the declaration." The declaration alleges pecuniary loss by reason of the death of the husband and father, who, in his lifetime, was in receipt of a certain sum for his wages and services, which was used in the maintenance and support of his wife and children. The instruction referring to the declaration could not have been understood by the jury to have authorized damage to be assessed by way of *solatium*, for there is no claim for such damage made in the declaration. The objection made to the fifth instruction given for the appellee is not tenable.

From a careful examination of the record we find no reversible error in the judgment of the Appellate Court, and that judgment is affirmed.

*Judgment affirmed.*