## Wabash Railroad Co. v. W. Larrick, Adm.

1. INSTRUCTIONS—*Should Be Predicated upon the Evidence.*—Instructions should be predicated upon the evidence, and confined to the issues in the case.

2. RECOVERY—*Must Be upon the Case Made by the Pleading.*—A party must recover, if at all, on and according to the case he has made for himself in his declaration.

Action in Case, for personal injuries. Trial in the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 20, 1899.

GEO. B. BURNETT, attorney for appellant.

REDMON & HOGAN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

In this action appellee charges appellant in four counts with having caused the death of Henry Hunsley by negligence, while he was in the exercise of ordinary care for his own safety; first, by the negligent management by servants in running a train at high and dangerous speed through the city of Decatur, striking him at a public crossing; second, by negligently running such train at a speed prohibited by ordinance of such city; third, by negligently maintaining

a tool house where it obstructed sight of the approaching train; fourth, by failure to give statutory signals. The issues were made upon these four counts without any reference or issue as to whether appellant's negligence was willful or wantonly reckless, showing an utter disregard for the life of the deceased. A trial by a jury resulted in a verdict and judgment against appellant for $1,000, from which judgment it appeals to this court, assigning various errors as ground of reversal.

There was evidence tending to prove the allegations of the declaration, and there was evidence tending to show want of ordinary care and contributory negligence on the part of the deceased, and all the evidence was very conflicting.

At the trial appellee asked and the court gave the following instruction, which action of the court is assigned as error:

"The jury are instructed that if they believe from the evidence that the defendant was guilty of negligence as charged in the declaration, and that such negligence on the part of the defendant's servants was willful and wantonly reckless, showing an utter disregard for the life of the deceased, although you may further believe from the evidence that the deceased was guilty of negligence which contributed to the injury, and that such negligence was slight and did not amount to a want of ordinary care, then you should find the defendant guilty. It is not necessary that the action of the defendant shall be shown by the evidence to have been willful in the sense that it was intentional on the part of the defendant or its servants, but you must believe from a fair and impartial consideration of all the evidence in this case that the death of the said Henry Hunsley was the proximate result of such a want of care and regard for the rights of others as justifies the presumption of willfulness or wantonness on the part of the defendant while the deceased himself was in the exercise of ordinary care."

A similar instruction was given in the case of C. & A. R. R. Co. v. O'Neil, 172 Ill. 527 (at page 531), in an action which charged that "the several acts of the defendant set out as the cause of the killing were done negligently, recklessly, wantonly and willfully."

It may be conceded as possible that proof of appellee's declaration might also prove the case presented by this instruction, but it must then be also conceded that appellant, if such a case was charged against it in the declaration, might interpose a distinct defense; and consequently that it was entitled to notice of reliance on such an action before it should be required to answer. That the case so set out in the instruction is a separate and distinct cause of action, and foreign to-the issues, is patent; for it imputes to the acts of appellant, as alleged and proved, a form of negligence quite variant from that imputed to those acts in the declaration; and which forms of negligence are now too well differentiated, in a legal sense, to become confused in a case where only one is charged. If it was intended by the instruction to say that slight negligence is not necessarily incompatible with due and ordinary care, the form of expression is not adapted to a plain statement of that proposition, and would be misleading.

In-I. C. R. R. Co. v. Sanders, 166 Ill. 270 (at page 281), the court say : " It is a familiar rule that instructions should be predicated on the evidence in the case, and we are also of the opinion that they should be confined to the issues in the case." And in Ebsery v. Chicago City Ry. Co., 164 Ill. 518, and cases there cited, and also C. & E. I. Ry. Co. v. Kneirim, 152 Ill. 458; it is the expression of the court that a party must recover, if at all, on and according to the case he has made for himself in his declaration. The trend of these views as expressed is, then, that the giving of an instruction susceptible of the criticism imposed upon the one under discussion, is erroneous in the case where the evidence is conflicting and the issues sharply drawn.

So, when it is considered that the jury was asked to apply this instruction to the facts of this case, and that they did so, the court is constrained to believe that it was misleading.

Therefore the judgment of the Circuit Court is reversed and the cause remanded.