THE CHICAGO CITY RAILWAY COMPANY

*v.*

THOMAS LEACH.

*Opinion filed October 25, 1899—Rehearing denied December 8, 1899.*

1. LIMITATIONS—*additional count re-stating the original cause is not barred.* An additional count filed in an action for personal injuries is not barred by the Statute of Limitations when it is but a re-statement, in somewhat different form, of the cause of action set up in a count of the original declaration filed in time.

2. SAME—*when additional count states a new cause of action.* In an action for personal injuries, where the ground of recovery relied on is negligence of the defendant's servants in operating its cars at such a rate of speed that the train could not be stopped in time to avoid the accident, an additional count, based on the alleged incompetency of the defendant's servants, introduces a different cause of action, which is barred if the Statute of Limitations has run before it is filed.

3. APPEALS AND ERRORS—*when error in sustaining demurrer to plea of Statute of Limitations is ground for reversal.* An erroneous ruling of the court sustaining a demurrer to a plea of the Statute of Limitations interposed to an additional count is ground for reversal when the issue raised by the count was a controverted question and the verdict may have been based entirely upon it.

*Chicago City Railway Co.* v. *Leach,* 80 Ill. App. 354, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

| 182 | 359 |
| 86a | 286 |
| 182 | 359 |
| 89a | ²322 |
| 182 | 359 |
| d189 | ²276 |
| f93a | ² 9 |
| 182 | 359 |
| f94a | ¹519 |
| 182 | 359 |
| 191 | ² 95 |
| 182 | 359 |
| 102a | ²416 |
| 182 | 359 |
| e104a | ²317 |
| 182 | 359 |
| s208 | 199 |
| 182 | 359 |
| 112a | ¹229 |
| 182 | 359 |
| 114a | 592 |

This is an appeal from a judgment of the Appellate Court affirming a judgment of the superior court of Cook county, in which appellee recovered $16,500 damages for a personal injury received while in appellant's service.

It appears from the statement of facts in the opinion of the Appellate Court, which seems to be sustained by the evidence, that the appellee was a conductor in the employment of appellant, having in charge two cars,—a grip-car and trailer,—operated over the Wabash avenue and Cottage Grove avenue line of appellant's road. The train had come north, and, going around the loop from Madison street along Michigan avenue to Randolph street, had about reached the intersection of the latter street and Wabash avenue, there to begin its return trip southwardly. At that point the train was stopped, and appellee went underneath, between the grip-car and the trailer, to tighten a draw-bar that needed it. While so situated and engaged, and within a minute and a half to three minutes after he had gone in between the cars, another train running upon the same track and operated by a gripman named James Golden, ran into the hind end of appellee's train with such force as to spring its brake, that had been set, and drive it around the curve to and upon Wabash avenue,—a distance of about seventy feet, —before it could be stopped. Appellee was caught underneath the train and dragged the whole distance, receiving very serious as well as permanent injuries. When Golden's train first turned the corner of Michigan avenue and Randolph street he came within plain sight of appellee's train standing still about three hundred feet ahead of him, and there was the evidence of apparently impartial witnesses that he made no effort to stop or slacken the speed of his train until close upon appellee's train, and that instead of looking ahead, as he should have done, he was looking in another direction until too late.

The declaration upon which a trial was had and the cause submitted to the jury consisted of three counts,—

the first original count and the first and second additional counts. It was alleged in the first count of the declaration that on September 27, 1893, defendant was possessed of, using and operating a certain railway extending along and upon divers streets and avenues in Chicago, and was also possessed of, using and operating a certain train of cars which it ran and operated upon said railway, and that plaintiff, on the day aforesaid, was engaged in the service of defendant as a conductor of said train of cars, and as such conductor had charge of said train; that while plaintiff was so in charge of said train, the draw-bars and chains connecting and holding together the grip-car and the next car of said train became and were disarranged and out of order, so that it became and was then and there necessary that said draw-bars and chains be at once re-arranged and put in order, and that it then became and was the duty of plaintiff to then re-arrange said draw-bars and chains and put them in order, and that plaintiff, having charge of said train as aforesaid, caused said train to come to a full stop and to stand still on said track, and, while said train was so standing still, plaintiff, who was exercising due care and caution, then and there stepped between the grip-car and the next car of said train to arrange and put in order said draw-bars and chains, and that while plaintiff was between said cars, engaged in arranging and putting in order said draw-bars and chains, and exercising due care and caution, defendant, by its certain other servants, negligently, carelessly and recklessly drove and operated a certain other train of cars, operated by defendant upon said railway, at so high and dangerous a rate of speed that it could not be stopped, and it with great force and violence ran into and against the train of which plaintiff had charge, and forced the cars of said last mentioned train upon plaintiff so forcibly and violently that plaintiff was then and there and thereby violently thrown to and upon

the ground, and the cars of the last mentioned train ran upon and over him, whereby he was injured, etc.

The first and second additional counts were filed about three and a half years after the accident happened. The first additional count set up, specifically, that appellee and Golden, who had charge of the car producing the injury, were not fellow-servants. In other respects it was substantially like the first count of the original declaration. The second additional count, after alleging appellant's possession and operation of the railway, alleged that appellant had divers servants to operate its trains of cars; that appellee was employed by appellant as a conductor on one of said trains, and then alleged as follows: "That frequently, in the operation of said trains of street cars, said trains were run close to each other, and that by reason of the premises it then and there became and was the duty of defendant to use all reasonable care towards furnishing and retaining competent and careful servants to run, manage and operate its said trains of street cars so as to keep said trains from colliding with each other, but that defendant, at the time and place aforesaid, not regarding its said duty, wrongfully, negligently and improperly provided and retained in its service a certain servant to run, manage and operate one of its said trains of street cars who was incompetent and unfit for the purpose aforesaid, in this, that said servant was habitually reckless and careless in the management and operation of defendant's train which he was employed to manage and operate; that defendant knew, or by the exercise of proper care in that behalf could have known, of said incompetency of said servant, but that plaintiff did not know of it, and did not have a reasonable opportunity to ascertain the same in time to avoid the injury hereinafter complained of; that at the time and place aforesaid, to-wit, at the intersection of Randolph street and Wabash avenue, on said railway, while the train upon which plaintiff was employed was

standing still, and while plaintiff, in the discharge of this duty, was stooping down between two of the cars of his said train in order to adjust certain chains and appliances on said train which it was necessary to adjust in order to safely operate said train, and while in said position between the said cars, and while, as plaintiff alleges, he was in the exercise of due and ordinary care and caution for his own safety, defendant's said incompetent servant then and there in charge and control of the management and operation of a certain other of defendant's trains of street cars upon said railway, then close to and following the plaintiff's train, by reason and as a result of the reckless, careless and improper manner in which he operated and ran said train, said train thereby then and there ran into and struck against said train of cars between two of which plaintiff was engaged as aforesaid, and plaintiff was thereby then and there knocked down, injured, etc.

To the first and second additional pleas the defendant pleaded the Statute of Limitations. The plaintiff demurred to the pleas and the court sustained the demurrer.

W. J. HYNES, S. S. PAGE, and H. H. MARTIN, for appellant.

WING, CHADBOURNE & LEACH, and JAMES C. MC-SHANE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The first and second additional counts were filed after the Statute of Limitations had run, and unless those counts may be regarded as a re-statement of the cause of action set out in the first count of the original declaration, the plea of the Statute of Limitations was a bar and the ruling of the court on the demurrer to the pleas was erroneous.

In the first count of the original declaration the relationship of the parties is fully stated, and under the rule laid down in *Chicago and Alton Railroad Co.* v. *Swan,* 176 Ill. 424, and *Louisville, Evansville and St. Louis Railroad Co.* v. *Hawthorn,* 147 id. 233, it was not necessary to aver specifically that appellee and Golden were not fellow-servants. It was sufficient that the facts set up established that relation. The first additional count was therefore a mere re-statement, in somewhat different form, of the cause of action set up in the first count of the original declaration, and the demurrer to the plea of the Statute of Limitations to that count was properly sustained.

The ruling of the court, however, on the demurrer to the plea of the Statute of Limitations to the second additional count presents a more serious question. A new or different cause of action introduced by an additional count is treated as a new suit begun at the time of filing such count, and if the Statute of Limitations has run before the new count is filed, the cause of action therein set up will be barred. (*Fish* v. *Farwell,* 160 Ill. 236.) In *Swift & Co.* v. *Madden,* 165 Ill. 41, we held that the cause of action may be regarded as the act or thing done or omitted to be done by one which confers the right upon another to sue,—in other words, the act or wrong of the defendant towards the plaintiff which causes a grievance for which the law gives a remedy. The question here presented, therefore, is whether the act or thing done by the defendant which caused the injury to the plaintiff set out in the second additional count of the declaration is the same as that set out in the first count of the original declaration.

Upon an examination of the first count of the declaration it will be seen that the ground of recovery relied upon was the negligence of appellant's servants in driving and operating a train of cars at such a high and dangerous rate of speed that the train could not be stopped in time to avoid the injury,—in the language of the declara-

tion, that defendant, by its servants, negligently, care-
lessly and recklessly drove and operated a train of cars
operated by defendant at so high and dangerous a rate
of speed that it could not be stopped, and it with great
force and violence ran into and against the train of which
plaintiff had charge. But upon an examination of the sec-
ond additional count it will be seen that plaintiff does
not rely upon the negligence of appellant in operating the
train at a high and reckless rate of speed for a recovery,
but he proceeds entirely upon a different ground: that it
was the duty of appellant to use reasonable care in fur-
nishing and retaining competent servants to run and oper-
ate its trains; that appellant did not regard this duty,
but wrongfully, negligently and improperly provided and
retained in its service a certain servant to run one of its
trains who was incompetent and unfit for that purpose;
that said servant was reckless and careless; that appel-
lant knew, or by the exercise of proper care could have
known, of such incompetency. The act or wrong relied
upon in this count is entirely different from the act or
wrong relied upon in the first count of the declaration.
The evidence to sustain one count would not sustain
the other, and the evidence in defense, as against one
count, could not be relied upon as a defense under the
other. Indeed, the issue presented under one count is
not presented under the other. The ground of recovery
relied on in one count is different from that set up in the
other, and we perceive no ground upon which it can be
held that the cause of action involved in the two counts
is the same. We regard the question here involved is
controlled by *Phelps* v. *Illinois Central Railroad Co.* 94 Ill.
548, *Chicago, Burlington and Quincy Railroad Co.* v. *Jones*,
149 id. 361, *Fish* v. *Farwell*, 160 id. 236, and *Illinois Central
Railroad Co.* v. *Campbell*, 170 id. 163.

It is, however, claimed in the argument that if the
court did err in sustaining the demurrer to the plea of
the Statute of Limitations, such error should not reverse

the judgment if appellee has made a case under the count alleging that he and Golden were not fellow-servants. We do not concur in that view. In addition to the plea of the Statute of Limitations to the second additional count appellant filed a plea of the general issue, whereby an issue of fact was made to be tried by the jury, and the cause proceeded to trial not only on the count which alleged that appellee and Golden were not fellow-servants, but also on the issue of fact raised in the second additional count, which was predicated on appellant's duty to furnish competent fellow-servants. Much evidence was introduced by the respective parties on this question. Indeed, it was one of the main controverted questions submitted to the jury. For aught that appears the jury may have based their verdict entirely on the issue found in the second additional count of the declaration. Under such circumstances it cannot properly be said that appellant was not prejudiced by the ruling of the court on the plea of the Statute of Limitations interposed to the second additional count of the declaration.

Questions have been raised in the argument in regard to the ruling of the court on the admission of evidence and the ruling on instructions in reference to appellant's furnishing competent servants, but if we are correct in holding that the Statute of Limitations was a bar to that issue it will not be necessary to allude to the ruling of the court on the questions which were raised under it, either as to the admission of evidence or the instructions, as these questions will not arise on another trial.

For the error of the trial court in sustaining a demurrer to the plea of the Statute of Limitations interposed to the second additional count, the judgments of the Appellate and superior courts will be reversed and the cause will be remanded for another trial.

*Reversed and remanded.*