## William Dalton v. Chicago City Railway Co.

1. WAIVER—*Of the Right to Except to the Ruling of the Court.*— Where the plaintiff's demurrer to a plea is overruled, a replication filed by him stricken from the files, and he afterward asks for and obtains leave to reply double, but does not avail himself of such leave and fails to abide by his demurrer, he must be considered as having waived all right of exception to the ruling of the court, not only in overruling his demurrer, but also in striking his replication from the files.

2. APPELLATE COURT PRACTICE—*Where no Exceptions are Preserved by the Bill of Exceptions.*—Where no exceptions are preserved by the bill of exceptions to an order striking a replication from the files an objection to the striking of such replication from the files is not properly before the Appellate Court.

3. LIMITATIONS—*Additional Counts, When Amenable to a Plea of.*— When an additional count filed to a declaration in an action for personal injuries sets up a new or different cause of action and is not filed within the time limited by the statute for commencing the action, such amended count is amenable to a plea of the statute of limitations.

Trespass on the Case, for personal injuries. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 15, 1901.

D. M. BALL and E. W. ADKINSON, attorneys for plaintiff in error.

WM. J. HYNES and EDWARD C. HIGGINS, attorneys for defendant in error; MASON B. STARRING, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit by plaintiff in error to recover for personal injuries. The trial court overruled plaintiff's demurrer to a plea setting up the statute of limitations to a second amended declaration, and plaintiff thereupon filed a replication. This, on motion of the attorney for the defendant in error, was stricken from the files. Plaintiff's attorney afterward asked leave to file an additional count to the declaration. This application was denied and the court entered judgment upon the said plea setting up the statute

of limitations. It is urged that it was error to overrule plaintiff's demurrer to said plea and to strike the replication from the files; also that the court erred in refusing leave to file the additional count.

It does not appear in the abstract but does appear in the transcript of record, to which our attention is called by defendant's counsel, that when the demurrer to defendant's plea of the statute of limitations was overruled, plaintiff sought and obtained leave to reply; and when this first replication was, for some reason not preserved by bill of exceptions, stricken from the files, his attorney again asked and obtained leave to file another replication and reply double. He did not avail himself of such leave, but as he failed to abide by the demurrer, thus acquiescing in the action of the court overruling it, and took leave to reply a second time, he waived all right of exception to the ruling of the court, not only in overruling the demurrer, but also in striking his first replication from the files. (Wickham v. Hyde Park Building & Loan Association, 80 Ill. App. 523; Dunlap v. C., M. & St. P. Ry. Co., 151 Ill. 421; Foster v. Adler, 84 Ill. App. 654.) There being no exception preserved by bill of exceptions to the order striking the replication from the files, that objection is not, therefore, properly before us for consideration. Van Cott v. Sprague, 5 Ill. App. 99.

Was there error in refusing leave to file the additional count? A special demurrer to the original declaration having been sustained, the plaintiff filed two amended declarations, to the second of which a plea of statute of limitations was sustained, and as before stated judgment was entered thereon in favor of the defendant in error. This second amended declaration differed from the original in stating the negligence with which it charged the defendant. The original charge was that the defendant did not "regard its duty as to stopping the train," and that while the plaintiff was "about to alight therefrom the defendant carelessly and negligently caused the train to be suddenly and violently started and moved." In the second amended

declaration the charge is that the sudden and violent start-
ing occurred "after said train had been stopped to enable
the plaintiff to alight therefrom." This is a new charge,
and different from a charge of disregard of "duty as to
stopping the train." In Chicago City Railway Co. v. Leach,
182 Ill. 359, it is said that "a new or different cause of
action introduced by an additional count is treated as a new
suit begun at the filing of such count;" and it is further
said that a "cause of action may be regarded as the act or
thing done or omitted to be done which confers the right
to sue, or in other words "the act or wrong of the defend-
ant toward the plaintiff which causes a grievance for which
the law gives a remedy." The first declaration was open
to the construction that the plaintiff was about to alight
while the train was still in motion, notwithstanding the
defendant did not "regard its duty as to stopping," and
that the defendant caused the sudden start, apparently
without having stopped, and while still going ahead;
that is, the sudden start was caused by suddenly acceler-
ated motion. This count was ambiguous and failed to
sufficiently state the cause of action. The second amended
count did state a cause of action, but a very different one,
viz., that the car had stopped, and that it was started sud-
denly while plaintiff was endeavoring to alight. As is said
in Chicago City Railway Co. v. Leach, *supra*, "the act
or wrong relied upon in this count is entirely different
from the act or wrong relied upon in the first count of
the declaration. The evidence to sustain one count would
not sustain the other, and the evidence in defense as against
one count could not be relied upon as a defense under the
other count." Coming now to the additional count also
sought to be filed after the statute of limitations had run,
we find that the cause of action therein stated differs mate-
rially from the original as well as the amended declaration.
It is alleged in said proposed additional count that plaint-
iff was "standing up on the platform of said car waiting
for said car to stop in order to alight therefrom," when the
car was suddenly started "at greater speed without having

the said car brought to a stop. for the plaintiff to alight therefrom." The material difference is that in the one case it is apparently averred the plaintiff was about to alight from a car while in motion, and while the defendant was disregarding its duty as to stopping; and in the other case he is described as standing on the platform waiting for it to stop—a very wide difference in an action for personal injuries charged to have been caused by negligence of the defendant to which the plaintiff was not contributing. In view of the ambiguity, to say the least, in the original declaration, the additional count may, we think, be fairly considered as stating a different cause of action, and so long after the accident—over eight years—and after the statute of limitations had run, we regard it a proper exercise of discretion in the Superior Court to refuse leave to file.

The judgment of the Superior Court must be affirmed.