## Adolph Bennett, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,043.

1. COMMON CARRIERS—*duty of, in running cars across public streets.* A traction company in running its cars across a public street is bound to the use of reasonable care to avoid injuring any one that may be passing along such public street. This rule applies in favor of a servant of such company who is employed in another of the cars of such company running along a street to be crossed.

2. MASTER AND SERVANT—*when declaration must negative existence of relation of fellow-servants.* A declaration which states that the plaintiff was a servant of the defendant and then alleges only that the defendant by its servants did a negligent act, whereby the plaintiff was injured, and fails to allege that the plaintiff and such negligent servant were not fellow-servants, does not state a cause of action and the omission of such an averment is not cured by verdict.

3. MASTER AND SERVANT—*who not fellow-servants as matter of law.* 'Held, under the evidence, that a conductor of a cable line and

a motorman of an electric intersecting line of the defendant company, were not fellow-servants, as a matter of law.

4. MASTER AND SERVANT—*what not assumed risk, as a matter of law.* A conductor of a cable train does not assume, as a matter of law, the risk of injury arising from his car being struck by an intersecting electric car of the defendant company where the accident results from the negligence of a fellow-servant.

5. NEGLIGENCE—*when motorman guilty of.* Held, under the evidence, that the motorman in charge of an electric car seeking to cross a public street upon which other cars were running, was guilty of negligence which resulted in a collision, and this notwithstanding the slippery condition of the tracks at the time of the accident.

6. CONTRIBUTORY NEGLIGENCE—*what not, as matter of law.* Held, that a conductor who was injured by being struck by an intersecting car of his master, was not guilty of contributory negligence by reason of not being upon the rear platform of his car at the time of the accident as required by the rules of his master.

7. PLEADING—*how averment that plaintiff and defendant's servants were not fellow-servants may be made.* In an action for personal injuries by a servant against his master, the declaration may allege either that the plaintiff and the defendant's servant charged with the negligence in question were not fellow-servants, or such declaration may set up the facts from which such conclusion necessarily follows.

SMITH, J., dissenting.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed June 16, 1908.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $10,000, recovered by the plaintiff in an action on the case for personal injuries alleged to have been sustained by him through the negligence of the defendant.

Defendant operated in Cottage Grove avenue, a north and south street, a double track cable street railway, and also operated in Sixty-third street, an east and west street which crosses Cottage Grove avenue, a double track electric street railway. Plaintiff was a conductor on the Cottage Grove avenue line, and at the time he was injured was on duty on the

rear car of a south-bound train made up of the grip car and two trailers. As his car was crossing the east-bound track of defendant's Sixty-third street line, a trolley car of defendant going east on that track, ran into his car, and in and by such collision he sustained the injuries complained of.

W. J. Hynes, S. S. Page and C. LeRoy Brown, for appellant.

James E. McGrath, for appellee.

Mr. Presiding Justice Baker delivered the opinion of the court.

The case went to the jury on the first and third counts of the declaration, and appellant contends that neither of said counts states a cause of action.

The first count sets out the facts above stated as to the operation by the defendant of said two lines of street railways; avers that said two streets are public streets in the city of Chicago; that while a train of cars was going south in Cottage Grove avenue across Sixty-third street, the defendant, by its servants, etc., so negligently, etc., ran a car in Sixty-third street that by reason thereof said car ran into said Cottage Grove avenue train, and thereby the plaintiff, who was on one of the cars of said train, exercising due care, etc., was struck and injured, etc.

The law made it the duty of the defendant in running its car across a public street, to use reasonable care to avoid injuring any one who might be passing along such public street. The count avers that defendant negligently ran its car across said street, and by reason thereof its car struck and injured plaintiff, who was passing along said street. The fact that plaintiff was passing along said public street in another street car of defendant did not affect the duty of defendant to use reasonable care in running its car across said street to avoid injuring him. The

count states facts on which the law raises the duty on the part of the defendant to exercise reasonable care to avoid injuring the plaintiff; a breach of that duty by the defendant, and an injury to the plaintiff resulting from such breach of duty, and therefore states a cause of action. Bahr v. Nat. Safe Deposit Co., 234 Ill. 101; McAndrews v. C., L. S. & E. Ry. Co., 222 *id.* 232.

The third count avers the facts above set forth as to the operation by the defendant of its said two lines of street cars upon the streets above mentioned; avers that plaintiff was a conductor of a car on Cottage Grove avenue; that the trolley car on Sixty-third street was operated by a motorman who was a servant of the defendant; that said motorman in running his trolley car across Cottage Grove avenue, negligently, etc., ran said car, by means whereof said trolley car ran into and struck against the rear car of the train on Cottage Grove avenue, and plaintiff, who was upon said rear car, exercising due care, etc., was by the negligent manner in which said trolley car was operated, struck by said trolley car and injured, etc. There is in the count no express averment that the plaintiff and the motorman were not fellow-servants.

A count which states that plaintiff was a servant of the defendant, and then alleges only that the defendant by his servants did a negligent act, whereby the plaintiff was injured, and fails to allege that plaintiff and such negligent servant were not fellow-servants, does not state a cause of action, and the omission of such averment is not cured by verdict. Joliet Co. v. Shields, 134 Ill. 209; Schillinger Bros. v. Smith, 225 *id.* 74. But the third count of this declaration does not alone allege that the plaintiff was injured through the negligent act of a servant of the defendant. It alleges the line of employment of plaintiff and of the motorman whose act is averred to be negligent, and their relation to each other.

In the original first count of the declaration in Leach v. The Chicago City Ry. Co., there was no aver-

ment that plaintiff Leach and Golden, by whose negligent act he alleged that he was injured, were not fellow-servants, but in the count the facts were alleged that Leach, a servant of the defendant, was the conductor of the rear car of one of defendant's trains; that Golden was a gripman in the service of defendant in control of the grip car in the train following plaintiff's train on the same line, and that Golden negligently started his car and thereby plaintiff was injured. After the Statute of Limitations had run, Leach filed an additional first count in which, for the first time, he in terms alleged that he and Golden were not fellow-servants. To the amended first count the defendant pleaded the statute; the plaintiff demurred to the plea, and it was held that the demurrer to the plea was properly sustained. In the opinion in the case it was said:

"In the first count of the original declaration the relationship of the parties is fully stated, and under the rule laid down in Chicago and Alton Railroad Co. v. Swan, 176 Ill. 424, and Louisville, Evansville and St. Louis Railroad Co. v. Hawthorn, 147 id. 226, it was not necessary to aver specifically that appellee and Golden were not fellow-servants. It was sufficient that the facts set up established that relation. The first additional count was therefore a mere restatement, in somewhat different form, of the cause of action set up in the first count of the original declaration, and the demurrer to the plea of the statute of limitations to that count was properly sustained." Chicago City Ry. Co. v. Leach, 182 Ill. 359, 364. On the second appeal it was held that the evidence showed that Leach and Golden were fellow-servants. Chicago City Ry. Co. v. Leach, 208 Ill. 198.

It follows, we think, that as a matter of pleading, it is not necessary to set out facts from which the conclusion follows, as a matter of law, that plaintiff and the negligent servant of the same master were not fellow-servants, but it is sufficient to make averments

in respect to the line of employment of the plaintiff and the negligent servant, from which and a plea of not guilty, an issue is presented to the jury whether the plaintiff and such negligent servant were or were not fellow-servants. We think that the third count states a cause of action.

Appellant further contends that the only conclusion that can reasonably be drawn from the evidence is, that plaintiff and Knowles, the motorman, were 'fellow-servants, and that therefore the trial court should have directed a verdict of not guilty, and this court should reverse the judgment with a finding of facts.

It is not contended that plaintiff and Knowles were fellow-servants, under the first branch of the rule announced in C. & N. W. Ry. Co. v. Moranda, 93 Ill. 302, but the contention is that they were fellow-servants under the second branch of that rule; that servants of the same master who are by their usual duties brought into habitual association so that they can exercise an influence upon each other promotive of proper caution, are fellow-servants. The question then is, whether the usual duties of the conductors of the defendant on the Cottage Grove Avenue cable cars were of a nature to bring them into habitual association with the motormen of the defendant on the Sixty-third street trolley cars. The two lines of cars ran out of different barns. The only association between the crews of cars on the two lines was when a car on one line passed in front of a car of the other line at Sixty-third street. The evidence shows that a particular car on one line might run for months without meeting a particular car on the other line; that such meeting at said crossing between any two particular cars was a mere chance.

The distinction between the facts of this case and the facts in the case of C. C. Ry. Co. v. Leach, *supra,* is obvious. In that case Golden's grip car ran immediately behind Leach's car, and it was the duty of Golden to run his grip car in such manner as not to run into the car in front of him. The duties of Golden

and Leach were such as to bring them into habitual association while and so long as Leach's train ran immediately in front of Golden's train. They were fellow-servants from the moment that they entered upon the duties in which they were engaged at the time of the collision, because the duties of their respective positions were such as to bring them into habitual association with each other. Under the second breach of the rule, it is habitual or usual association between servants of the same master that makes them fellow-servants.

In the Moranda case, *supra,* it was said, p. 317: "It is believed no case can be found in our own reports where the common master has been held exempt from liability for injury to one servant by the neglect of another, where it does not appear that the servants were either strictly co-operating in the particular work they were about, or were usually consociated in their ordinary duties."

In the opinion of the majority of the court, the evidence does not conclusively show that plaintiff and Knowles were usually associated in their ordinary duties, and appellant has not, on the evidence in this record, just cause to complain either that the question whether they were fellow-servants was submitted to the jury, or that the jury found that they were not fellow-servants.

Appellant further contends that if plaintiff and Knowles were not fellow-servants, still plaintiff assumed the risk of injury from the negligence of Knowles as one of the dangers of the service, under the decision in Clark v. C., B. & Q. R. R. Co., 92 Ill. 43. In that case it was held that the plaintiff, an employe of the defendant, assumed the risk of injury from the negligence of a servant of a railroad company which was a lessee of the defendant company and ran its train over the tracks of the defendant. The rule stated in that case cannot be held to apply to injuries from the negligence of a servant of the same master who

is not a fellow-servant under the repeated decisions of our Supreme Court. Ill. Third Vein Coal Co. v. Cioni, 215 Ill. 583; C. & E. I. R. R. Co. v. White, 209 *id*. 124; C. C. Ry. Co. v. Leach, 208 *id*. 198; Hartley v. C. & A. R. R. Co., 197 *id*. 440.

We think that the question whether Knowles was guilty of negligence in the operation of the trolley car was, on the evidence in the case, a question of fact for the jury, on which their verdict must be held conclusive. The cable cars had the right of way. It was the duty of Knowles to bring his car to a stop before he reached the west line of Cottage Grove avenue. If the track was wet or greasy, its condition was obvious, and it was the duty of Knowles to do what was necessary, in view of the condition of the track, to stop his car before it reached the west line of Cottage Grove avenue. We think the jury were warranted in finding from the evidence that the cause of Knowles' failure to stop his car at the proper place, was that he did not begin to reduce its speed where the rules required him to reduce it, nor to apply the brakes until after he had passed the point where it was his duty to apply them.

We do not think that the plaintiff was guilty of contributory negligence because he was not on the rear platform, where the rules required him to be when the car was crossing a street, but was some distance forward, standing on the running board giving out transfers to passengers. His position on the car was but the occasion, not the cause of his injury.

In view of the nature and results of plaintiff's injuries, we cannot say that the damages awarded him by the jury are excessive.

We find no reversible error in the rulings of the court on questions of evidence, or in giving or refusing to give instructions. In the opinion of the majority of the court, the record is free from reversible error, and the judgment will therefore be affirmed.

*Affirmed.*

Mr. Justice SMITH dissenting.