Irwin v. Gould & Son.

EDWARD IRWIN, APPELLEE, v. F. P. GOULD & SON,
APPELLANT.

FILED FEBRUARY 5, 1916.  No: 18480.

1. **Master and Servant:** INJURY TO SERVANT: PLEADING: FELLOW SER-
VANTS. In an action for personal injuries by a servant against the
master, it is not necessary to allege in the petition that plaintiff
and defendant's servants charged with the negligence alleged were
not fellow servants, if the petition sets up facts from which such
conclusion. necessarily follows.

2. **Appeal:** PLEADING. Where the sufficiency of a petition is. attacked
for the first time in this court, it will, when possible, be sustained.

3. **Master and Servant:** FELLOW SERVANTS. "Employment in the
service of a common master is not alone sufficient to constitute two
men fellow servants within the rule exempting the master from
liability to one for injuries caused by the negligence of the other.
To make the rule applicable there must be some consocation in the
same department of duty or line of employment." *Union P. R. Co.
v. Erickson,* 41 Neb. 1.

APPEAL from the district court for Douglas county:
ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Gurley, Woodrough & Fitch,* for appellant.

*W. R. Patrick* and *C. J. Southard, contra.*

MORRISSEY, C. J.

Action for personal injuries received by plaintiff while
in defendant's employ as the operator of a concrete mortar
mixing machine. Defendant was a building contractor en-
gaged in erecting a concrete structure. It is alleged that,
while plaintiff was performing his duties as a mortar
mixer, the defendant, "by and through its foreman and em-
ployees, carelessly and negligently permitted a heavy plank
*   *   *   to fall from the platform or cage of a steam hoist
used by the defendant in the construction of said building,
from a height of about 100 feet, and strike plaintiff upon
the instep of his left foot," crushing the same and render-

ing immediate amputation necessary. From a judgment in favor of plaintiff, defendant appeals.

Defendant first asserts that the petition does not state a cause of action; that it was incumbent upon the plaintiff to plead that the accident was not due to the negligence of a fellow servant. The claim is made that the allegation of the petition that "the defendant, by and through its foreman and employees, carelessly and negligently permitted" the plank to fall is insufficient, and this is especially urged because the evidence shows that the foreman was not present when the accident occurred. Preceding the clause complained of, the petition specifically alleges the character of plaintiff's employment. It sets out the work he was employd to do, and was doing, when the accident occurred. It also shows that the plank was permitted to fall "from the platform or cage * * * from a height of about 100 feet."

"In an action for personal injuries by a servant against his master, the declaration may allege either that the plaintiff and the defendant's servant charged with the negligence in question were not fellow servants, or such declaration may set up the facts from which such conclusion necessarily follows." *Bennett v. Chicago City R. Co.;* 141 Ill. App. 560.

Had plaintiff alleged that he and the men handling the plank were not fellow servants, it would have been but the statement of a mere conclusion. He followed the better course by pleading the facts.

Appellant relies upon the rule announced in *Norfolk Beet-Sugar Co. v. Koch,* 52 Neb. 197, but in that case the question did not arise on the pleadings, but on the evidence, and the jury were asked to say whether the relation of fellow servant existed, and answered, "We don't know," and the court held a general verdict in favor of the plaintiff was not sustained.

In the instant case, the petition was not attacked in the lower court by either motion or demurrer, nor any defense based upon the fellow-servant doctrine pleaded in the an-

swer.   It may be upheld under the rule stated in *Bennett v. Chicago City R. Co., supra,* or the long-established rule that, when timely objection is not made, pleadings, when possible, will be sustained.

It is next urged that the court ought to have instructed a verdict for defendant because plaintiff and the men handling the plank were fellow servants, and that there was a failure to prove that defendant permitted the plank to fall, and that if it did fall, as claimed by plaintiff, the men responsible for the act were his fellow servants.

Plaintiff was engaged in operating his machine, which was located on the ground about 40 feet west of the foundation of the hoist, while other employees of the defendant were on the sixth floor of the building engaged in loading planks onto the hoist and lowering them to the ground. It does not appear that they were within his view or that he had any opportunity to observe them or see the manner in which they were doing the work.   His work was entirely separate and distinct from theirs, although they were under the same foreman.

In *Union P. R. Co. v. Erickson,* 41 Neb. 1, there is a full discussion of the fellow-servant question, and the rule in force in this state is therein laid down, viz.: "Employment in the service of a common master is not alone sufficient to constitute two men fellow servants within the rule exempting the master from liability to one for injuries caused by the negligence of the other.   To make the rule applicable there must be some consociation in the same department of duty or line of employment."   There was no consociation between the plaintiff and the men operating the hoist, and the rule of fellow servant does not apply.

The evidence is amply sufficient to warrant the court in submitting the case to the jury.   One of the men who was handling the plank testified that he handed a plank like the one which struck plaintiff's foot to his coworker, whose duty it was to place it on the hoist.   A workman on the fifth story testified that he saw a plank fall down the shaft. Witnesses testified to finding a broken cross-timber of the

hoist which was apparently struck by the plank as it descended to the ground. According to the theory of the plaintiff, this cross-timber split the plank and deflected one part thereof so that it caused the injury to plaintiff. The man who was loading the planks onto the hoist denied dropping any plank, and denied all knowledge of any falling from the hoist; but this question was properly submitted to the jury, and its verdict seems to be the only one which would be warranted under the evidence.

Complaint is made of an instruction in which it is claimed that the burden of proof was shifted from plaintiff to defendant, but the instruction does not bear the interpretation which defendant attempts to place upon it, nor is it subject to the criticism made.

No error prejudicial to the rights of defendant is found in the record, and the judgment is

AFFIRMED.