[No. 14709. Department Two. September 24, 1918.]

GEORGE ASBURY, *Appellant*, v. HECLA MINING COMPANY, *Respondent*.[1]

MASTER AND SERVANT — FELLOW SERVANTS — DIFFERENT EMPLOY-MENTS. Under the rule in Idaho, the driver of a mule train in a mine is not a fellow servant of a timber gang that moved timbers on another track, there being no cooperation or association to enable them to exercise mutual influence over each other.

SAME—ASSUMPTION OF RISKS—UNKNOWN DANGERS. The driver of a mule train, having no control over or knowledge of a timber truck that collided with his train, did not assume the risks.

MASTER AND SERVANT—NEGLIGENCE—COLLISION IN MINE — NOTICE. There is sufficient evidence of negligence of the master in a collision between a mule train and a timber truck, where the driver of the train could not anticipate that the truck was on the track around a curve ahead of him, for months he had passed the place without encountering timber trucks, except once, when the shift boss promised him that it would not occur again, and no warning was given him.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered December 18, 1917, upon granting a nonsuit, dismissing an action for personal injuries sustained by an employee in a mine. Reversed.

*Plummer & Lavin,* for appellant.

*Cannon & Ferris* and *Wakefield & Witherspoon,* for respondent.

HOLCOMB, J.—Plaintiff's action is to recover for personal injuries received on October 30, 1916, while driving a mule train consisting of seven cars carrying about two tons of ore each, along and upon an eighteen-inch gauge railway track, in an approximately one-mile tunnel belonging to the defendant's mine in Idaho. Plaintiff's duty was to stand on a small plat-

[1]Reported in 175 Pac. 179.

form on the front car of the train and drive the mule. The speed of the train was about eight miles per hour. While in the tunnel and at a curve, he discovered a timber truck about fifteen to twenty feet ahead of him on the track. He jumped from the ore train, but one of the timbers on the timber truck struck his right leg and broke it. In the operations of the mine, different gangs of workmen, each under the charge of a shift boss, were engaged at different occupations. The duty of a timberman was to do the necessary timbering in the mine. It was customary to transport timbers on a small timber truck to places where needed, but not to have the timber truck on the track while the track was used for the purpose of hauling ore on the morning and afternoon shifts. Plaintiff had nothing to do with the timber gang. There was no signal system installed, and plaintiff had no warning or notice until the collision that the timber truck was on the track. About twenty minutes before the injury, there was no timber truck on the track, and no timbering was being done in the tunnel when plaintiff came along from the shaft to get this load of ore. The noise of the ore train could be heard at from 1,000 to 1,200 feet distance.

At the commencement of the trial, it was stipulated in open court as follows:

"It is stipulated in open court that there was no workmen's compensation law in the state of Idaho in existence and in force at the time of the happening of the accident referred to in this case, or at the present time, or any other similar law to the law of the state of Washington with reference to workmen's compensation."

At the close of plaintiff's evidence in open court, it was stipulated as follows:

"It is stipulated between counsel for plaintiff and defendant in open court that in place of offering evi-

dence as to what the rule of common law is in Idaho at the time of the happening of this accident, the court may take the decisions of that state and determine for itself, as a matter of law, what the Idaho rule is, which is applicable to this case."

At the close of plaintiff's case, the defendant moved for a nonsuit. The court sustained the motion, discharged the jury and rendered judgment against the plaintiff, from which order and judgment this appeal is taken.

Defendant contends that the timbermen were fellow servants with plaintiff, that plaintiff assumed the risk, and that no negligence was proven against defendant. We shall attempt to apply the law of Idaho with reference to the fellow servant doctrine, and will adopt the definition formulated in *Brayman v. Russell & Pugh Lumber Co.*, 169 Pac. (Idaho) 932, which is:

"Whether or not respondent and the sawyers were fellow servants was, because of the disputed facts in this case, a question to be determined by the jury, and the court instructed it as follows: 'In order to constitute the defendant a fellow servant with the fellers of timber, they must have been employed by the master in some common line of employment, by which employment they would cooperate in the particular business then in hand in the same line of employment, or whose usual duties would bring them into habitual association so that they might exercise mutual influence upon each other promotive of proper caution, but if you find in this case that the plaintiff and the fellers of timber did not associate together in the same common work but were employed in different lines of work, and were engaged in working separately from each other, the one not knowing what the other was doing or how the work was being carried on by him, and nothing of their work in common, and not associating together in performing the work, but acting entirely independent in a different part of the work, they would not be fellow servants under the law, and the defend-

ant could not escape liability for any injury caused by one to the other.' This instruction correctly states the law with respect to what constitutes a fellow servant. *Relyea v. Kansas City, Ft. S. & G. R. Co.,* 112 Mo. 86, 20 S. W. 480, 18 L. R. A. 817; *Union Pacific R. Co. v. Erickson,* 41 Neb. 1, 59 N. W. 347, 29 L. R. A. 137; *Illinois Steel Co. v. Ziemkowski,* 220 Ill. 324, 77 N. E. 190, 4 L. R. A. (N. S.) 1161; *Chicago, etc., R. Co. v. Kneirim,* 152 Ill. 458, 39 N. E. 324, 43 Am. St. Rep. 259; *Chicago City R. Co. v. Leach,* 208 Ill. 198, 70 N. E. 222, 100 Am. St. Rep. 216; *Richardson v. City of Spokane,* 67 Wash. 621, 122 Pac. 330; *Putnam v. Pacific Monthly Co.,* 68 Or. 36, 130 Pac. 986, 136 Pac. 835; *Irwin v. F. P. Gould & Son,* 99 Neb. 283, 156 N. W. 503; 18 R. C. L. 758.''

This case does not depart from the principles of *Barter v. Stewart Min. Co.,* 24 Idaho 540, 135 Pac. 68. It was not customary for the timbermen to use the track on the shift that plaintiff was employed on; therefore they could not be working in common and be held as fellow servants. True, they could be working for one master, but this is not the criterion of a fellow servant. In *Barter v. Stewart Min. Co., supra,* the facts were almost identical with the case at bar, except that several collisions had previously occurred. The court refused to direct a verdict in defendant's favor on all their contentions.

The contention of assumed risk is without merit. Plaintiff having no control over the timber truck, he cannot be held to have assumed the risk of which he has no knowledge and which is under the control of the master and a different, independent work.

This question then confronts us: Was it negligence for the defendant to have the timber truck on the track at the time it did without warning to the plaintiff of its presence?

18—103 WASH.

"A master is bound to give a servant, working in a place which may become dangerous, by reason of perils arising from the doing of other work pertaining to the master's business, different from that in which the servant is engaged, such warning of the additional danger as will enable him, in the exercise of reasonable care, to avoid them, and such duty cannot be delegated so as to render the master free from liability for negligence in its performance." 4 Thompson, Negligence, p. 294, § 4069.

Plaintiff could not anticipate, without warning of some kind, that the timber truck was on the track around the curve ahead of him. He had been hauling the ore for months and had passed the place many times a day without previously encountering timber trucks, except once, when the shift boss promised him that it should not occur again. If plaintiff received no warning or notice of the additional danger of the timber truck being on the track, so that he could have guarded against the injury, he could not be held accountable for contributory negligence or assumption of risk. All these were questions of fact for the jury, to be met by competent evidence.

The cause is reversed and remanded for new trial.

MAIN, C. J., CHADWICK, MOUNT, and MACKINTOSH, JJ., concur.