CONWAY v. THE ILL. CENT. R. Co.

1. **Negligence:** PLEADING. An allegation that defendant's officers and agents negligently directed plaintiff to make a coupling between cars of a different height, which required for the purpose a crooked link, without providing such link, as he had requested them to do for the proper discharge of his duties, set out, in connection with an averment of plaintiff's own care and diligence, a cause of action against the defendant.

2. ———: RAILROADS: DEGREE OF CARE REQUIRED. Railway companies are required to use only a reasonable degree of care in providing safe cars, machinery and other appliances rendered necessary in the operation of their roads.

*Appeal from Black Hawk District Court.*

THURSDAY, APRIL 10.

ACTION for a personal injury. The plaintiff was a brakeman and baggage-master on defendant's road, and was injured while in the act of attempting to couple a freight car to a baggage car.

It is averred in the petition that "the baggage car was provided with a coupling known as the Miller patent buffer and coupler; that the freight cars were only provided with the common bumpers or draw-heads, and some of said freight cars so provided and used by defendant were not high enough to couple with said Miller patent buffer and coupler with certainty and safety, without the use of what is called a crooked link; that said freight cars that would couple to said patent buffer and coupler without the aid of the crooked links were by the said defendant, its officers and agents, superior in authority to plaintiff, mixed indiscriminately, negligently and carelessly with those that would not, as aforesaid, so that plaintiff, in the discharge of his duties of coupling, did not and could not know whether the freight cars to be coupled upon said baggage car were high enough and suitable to be coupled to the same; that when the said train was at Lyle, on said October 7, 1876, as afore-

said, the said freight car next to the. said baggage car, and which coupled thereto all right, was, by the direction of the defendant and its officers, removed from said train and placed upon the side track, and the remaining freight cars backed up to be attached to said baggage car; that it was a part of plaintiff's duty to make said coupling, and while discharging said duty and acting under the direction of his superior officers in that behalf, and without knowledge that said car so to be coupled was not high enough to be so attached with a straight link, and without fault or negligence upon his part plaintiff attempted to make said coupling with a straight link, but was unable so to do on account of said freight car being too low to couple to said baggage car with said straight link; that said defendant carelessly and negligently failed to provide any crooked links for the use of plaintiff in the discharge of his said duties, although often requested so to do; and plaintiff avers that by reason of the careless and negligent acts of said defendant, its officers and agents, in using and mixing the said freight cars, and in failing to provide crooked and suitable links for their use as aforesaid, he failed, without fault on his own part, to make said coupling, and said freight car came back with great violence against said baggage car, jamming and crushing plaintiff between said cars, breaking his collar bone, bruising his shoulder, mangling his flesh and injuring him internally, whereby plaintiff has and will suffer great pain, and will be put to great expense, loss of time, health and strength, and will continue to be, for the balance of his natural life, crippled, weak, in great pain, and incapacitated .to perform manual labor."

The answer of the defendant was: *First*, a general denial; *second*, that the injury, if any, was contributed to by plaintiff's own negligence; and, *third*, that the injury took place in the State of Minnesota, and was caused by the negligence of a co-employe engaged in the same general business, and that the common law is in force in that State, and defendant is not

liable for any injury caused in that State to plaintiff by the negligence of a co-employe.

There was a trial by jury. A verdict was returned for the plaintiff for two thousand seven hundred dollars. A motion for a new trial was made, which the court overruled upon plaintiff offering to remit seven hundred dollars from the verdict, and judgment was entered for the plaintiff for two thousand dollars and costs. Defendant appeals.

*John F. Duncombe*, for appellant.

*Miller & Preston*, for appellee.

ROTHROCK, J.—I. It is first urged in argument by counsel for appellant that the petition does not state a cause 1. NEGLIGENCE: of action. Without taking the time and space pleading. necessary to a discussion of this objection we deem it sufficient to say that the petition details a series of negligent acts upon the part of the defendant which, if true, constitute a cause of action. It is averred that some of the freight cars were not high enough to couple with the Miller buffer and coupler without the aid of a crooked link; that defendant, its officers and agents, superior in authority to plaintiff, negligently and carelessly mixed the freight cars so that plaintiff, in the discharge of his duties of coupling, did not and could not know whether the freight cars to be coupled to the baggage car were high enough and suitable to be coupled to the same. There are proper allegations as to the negligence of defendant's officers and agents, at the time the accident occurred, in backing up a freight car which was too low to be coupled to the baggage car without a crooked link, the plaintiff's ignorance of that fact, and his attempt to couple with a straight link, which failed, and his consequent injury by the cars coming together with great force.

These allegations, coupled as they are with proper averments of the plaintiff's care and diligence, and his requests before that made that the defendant should provide crooked

links for the use of plaintiff in the discharge of his duties, it seems to us is a sufficient statement of a cause of action.

II. It is objected that the first and second instructions given by the court to the jury are erroneous, because they are incorrect statements of the issues. In the first instruction the court stated that "the injuries were alleged to be caused by a failure to couple on account of the unequal height of the cars and the absence of crooked links." It appears to us that this is a clear and fair statement of just what the plaintiff alleged in his petition, and couched in plain and unambiguous language, such as ought to be employed in framing instructions for a jury. Stripped of the verbiage of the petition it is just what the plaintiff complained of.

In the second instruction the court said: "The answer of the defendant contains a general denial, and also alleges that the accident, if any occurred, was caused by the plaintiff's own negligence." * * * * *

That this was an incorrect statement of the issue as to contributory negligence cannot be denied; but we are not prepared to say that the judgment of the court below should be reversed for this error. It occurs, not in the charging part of the instruction, but in a mere recital of the issues, and in the very next instruction the jury are correctly informed that in order for the plaintiff to recover he must prove "* * * that the injury occurred without any negligence or fault on the part of the plaintiff which contributed to produce it."

It is not necessary, however, that we should determine whether this error in the statement of the issues was prejudicial, in view of the fact that the cause must be reversed upon the ground to which we will now direct our attention.

III. In its ninth instruction the court said to the jury: "It was the duty of the railroad company to furnish cars and

2. ——: railroads: degree of care required. appliances for operating the same that are not dangerous to those engaged in their operation, and if it failed in this duty, and the plaintiff was injured thereby, without any fault and negligence on his part,

the company will be liable, and you should so find." * . * *
This proposition is clearly erroneous. It was doubtless a mistake which inadvertently occurred, for there can be no doubt that the learned judge, who tried the case in the court below, never intended to say to the jury that cars and appliances which are not dangerous in their operation are required to be furnished by a railroad company. That the operation of all railroad trains is necessarily attended with danger is the universal experience of mankind. All that the law requires of a railroad company to protect itself against claims for personal injuries by its employes is reasonable care in providing safe cars, machinery and appliances.

It is urged by counsel for appellee that this part of the instruction is not erroneous when considered in connection with other instructions which were given. It is true the court, in its fourteenth instruction, directed the jury that "if the railroad company used such cars and appliances for coupling the same as are in ordinary and common use by first-class railroads through the country, that is all the law requires or demands of them." * * * * *

The most that can be claimed for this, and some other expressions in other instructions, is that they are impliedly contradictory of the ninth instruction. Which of these contradictory instructions the jury followed it is impossible to determine, and we cannot say there was no prejudice resulting from the error.

Other objections raised by appellant need not be considered, as the judgment, for the error above pointed out, must be

REVERSED.