| 78 | 281 |
| 111 | ¹659 |

## Chicago & E. I. R. R. Co. v. William H. Garner.

1. MASTER AND SERVANT—*Duty of the Master in Furnishing Appliances.*—It is the duty of the master to use reasonable and ordinary care and diligence in providing suitable and reasonably safe appliances for his servants to work with, and to use reasonable and ordinary care to keep the same in reasonably safe repair, but he is not an insurer of the safety of the appliances.

2. SAME—*Duty of a Servant.*—Where a servant has been in the use of an appliance for a long space of time, and knows as much about its condition as any other servant of the master, he can not assume that it is safe or in good order, but is required to use reasonable care and diligence to ascertain from such use its real condition, and if he finds it to be unsafe, to report the fact to the master, or, in default thereof, he will be presumed to have assumed the increased hazard occasioned by its being out of repair.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

H. M. STEELY, attorney for appellant; W. H. LYFORD, of counsel.

MABIN & CLARK, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case brought by the appellee in the Circuit Court of Vermilion County against the appellant, and after a trial by jury resulted in a verdict and judgment in favor of the appellee for $3,000. The case is brought to this court by the appellant, and a reversal of the judgment is urged on the ground that the court gave improper instructions to the jury at the request of the appellee, and that the verdict is contrary to the law and evidence. The declaration charged that while the plaintiff was employed by the defendant as a fireman on a freight engine, the defendant negligently furnished that engine with a defectively constructed shaker-bar and post with which to shake the ashes, etc., out of the fire-box of the engine, and that the said shaker-bar and post were not reasonably adapted to perform that work, and also that the said shaker-bar and post were negligently permitted by the defendant to become worn and out of order so that the same were not safe to be used by the plaintiff for the purpose of shaking the ashes out of the fire-box of the engine; by reason of which negligence the plaintiff, while using due care and caution for his own safety when using said shaker-bar and post in the proper discharge of his duties as such fireman, sustained severe personal injuries, for which he claims damages. The defendant pleaded not guilty. The evidence shows that the plaintiff had been using the shaker-bar and post in question as fireman on the engine some six weeks before he was hurt, and

when the engine was hauling a freight train, the plaintiff, while using the shaker-bar and post, fell off the engine, the shaker-bar falling off on the ground with him, and he was severely injured in his person.   It appears that the shaker-bar is made more secure on the post by a split key so placed as to prevent its coming off, and that before the injury this key had been worn so that it broke or fell out.   It also appears that the place where the split key is when the appliance is in position for use is so situated that it is not visible and can only be seen when the apparatus is taken apart; and that with the key worn out the shaker-bar is not apt to fall off with ordinary use, but as the post was worn some, that tended to make it more likely to fall off.   There was a conflict in the evidence as to the condition of the split key and the extent the post was worn, and also as to whether the appliance on the engine to shake out the ashes was such as is in ordinary use and was a reasonably safe appliance; and as to whether or not the plaintiff was using due and ordinary care for his own safety when he fell and was injured.

Under such a condition it was highly proper and indeed necessary that the court should give the jury proper instructions, that were free from error.   Complaint is made by the appellant of plaintiff's first, fourth and seventh instructions.   These instructions are as follows:

"1.   You are instructed that it is the duty of the master to keep the machinery which he furnishes his employes in reasonably safe repair.   So in this case, if you believe from a preponderance of the evidence that the plaintiff was employed as a fireman on one of the defendant's engines on the occasion in question, and you further believe from a preponderance of the evidence that the defendant then and there carelessly and negligently permitted the top of the post in question on said engine to become worn so that the shaker-bar and post was not then and there reasonably adapted to perform the work for which it was intended, as by the first additional count of the plaintiff's declaration alleged, and you further believe from a preponderance of

the evidence that while the plaintiff was in the usual course of his employment, and while in the exercise of due care and caution for his own safety the shaker-bar by reason of the worn condition of said post as aforesaid, if the evidence shows that said post was worn, gave way and occasioned the injury complained of to the plaintiff, you should assess his damages at whatever you think he has sustained under all the facts and circumstances of the case as shown by the evidence."

" 4. The court instructs the jury that it was the duty of a master to furnish his employes with machinery that is reasonably safe to perform the work for which it was intended. So in this case if you believe from a preponderance of the evidence that the plaintiff was employed by the defendant as a fireman on one of its engines upon the occasion in question, and you further believe from a preponderance of the evidence that the defendant then and there furnished the plaintiff with a shaker-bar and post that was imperfectly constructed, and was not then and there reasonably adapted to perform the work for which it was intended, as by the plaintiff's declaration alleged, and you further believe from a preponderance of the evidence that while the plaintiff was in the exercise of due car and caution for his own safety, the shaker-bar and post, by reason of its improper construction, if the evidence shows it was improperly constructed, gave way and caused the injury complained of to the plaintiff, as alleged in his declaration, then your verdict should be for the plaintiff."

" 7. You are further instructed that it is the duty of a master to furnish reasonably safe appliances for his servants to work with, and that such duty is a positive obligation towards the servant, and the master is responsible for any failure to discharge that duty, whether he undertakes it personally or through another servant; and the servant has the right to assume that the master has discharged his duty in that behalf and to act on such assumption, in the absence of actual knowledge to the contrary. So in this case, the plaintiff, in the absence of any actual knowledge to the con-

trary, had the right to assume that the shaker-bar and post furnished him was reasonably safe to perform the work for which it was intended; and if you believe from a preponderance of the evidence that the defendant furnished the plaintiff with a shaker-bar and post upon the occasion, that was then and there defectively constructed, as by the plaintiff's declaration alleged, and you further believe from a preponderance of the evidence that while the plaintiff was in the exercise of due care and caution for his own personal safety, the said shaker-bar, by reason of its defective construction, if the evidence shows that it was defectively constructed, gave way and caused the injury complained of, then your verdict should be for the plaintiff."

All of these instructions are open to the serious objection that they each tell the jury that it was the duty of the defendant to furnish and keep the appliances it furnished the plaintiff to work with in reasonably safe condition and repair, while the law is that it is only the duty of the master to use reasonable and ordinary care and diligence in providing suitable and reasonably safe appliances for his servants to work with, and to use reasonable and ordinary care to keep the same in reasonably safe repair; he is not an insurer of the safety of the appliances. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417.

The seventh instruction was also open to the further objection that it told the jury that, in the absence of any actual knowledge to the contrary, the plaintiff had the right to assume that the shaker-bar and post furnished him were reasonably safe to perform the work for which it was intended, etc.; and as the evidence had disclosed that the plaintiff had constantly used this shaker-bar and post for some six weeks before he sustained his injuries, and in that time he could have known and most likely did know as much about the condition of the same as any other servant of the appellant, therefore, under the law, he could not assume that it was safe or in good order, as this instruction states he might, but was compelled to use reasonable care and diligence to ascertain from such use its real condition, and if he found it to be unsafe, to report that fact to the

appellant, or in default thereof he is supposed to have assumed the increased hazard occasioned by its being out of repair. Ballou case, *supra*. This instruction, therefore, contained error that was prejudicial to the appellant for that reason also.

In this case, from the averments in the declaration, it was necessary for the appellee to prove by a preponderance of the evidence, (1) that the shaker-bar and post of the engine in question, at the time the appellee was injured, were defective; (2) that the appellant had notice thereof, or by the use of reasonable care ought to have had; (3) that the appellee did not know of the defect, and had no equal means of knowing with the appellant; and the instructions of the court upon those questions of fact should have been clear and explicit so that the jury could easily determine from the evidence the rights of the parties under the law as applicable to the facts in evidence, as there was a conflict in the evidence on all these questions. Goldie et al. v. Werner, 151 Ill. 551.

We are satisfied the first, fourth and seventh instructions of the plaintiff contained prejudicial error and were well calculated to mislead the jury to the prejudice of the appellant on vital questions to be settled by it, and therefore ought not to have been given in the form they were. As to the verdict being contrary to the law and evidence, we will not express an opinion, as we have concluded that this case ought to be retried.

For the errors indicated, we reverse the judgment of the Circuit Court, and remand this case to that court for such further proceedings therein as the parties are entitled to under the law. Reversed and remanded.