Crew, C. J.
The grounds of error assigned and relied upon by plaintiff in error in this case are: 1. That the court of common pleas erred in its instructions to the jury respecting the duty of the defendant railway company in the matter of furnishing the plaintiff a safe place to work, by placing upon said company a greater obligation and higher degree of care in that behalf than the law requires. 2. That the trial court erred in the instruction given’ as to the quantum and degree of proof necessary to sustain the defense of contributory negligence. Under the first of the above assignments of error the following portions or paragraphs of the charge of the trial court are, among others, objected to by plaintiff in error and claimed to be erroneous, as incorrectly stating the rule as to the degree of care required of the master in providing the employe with a safe place in which to work, namely:
“The defendant, having the control of said track, owed it as a duty to the plaintiff to keep the same in reasonably safe condition for its use for the purpose that such a track was intended, and in the manner it was intended to be used; and if the defendant did or omitted to do anything which would result in making that track unsafe-for such use and the plaintiff, without fault on his part directly and proximately by reason of such unsafe condition of said track, was injured, the defendant would be liable,' unless such condi *297 tion grew out of or was directly the result of the negligence of some fellow-servant of the plaintiff.”
“In the event you find the defendant was negligent * * * in failing to provide a reasonably safe place for the plaintiff to work * * * and that the plaintiff himself at the time of the injury was' not guilty of any negligence on his part which directly and proximately contributed to the injury, then the plaintiff may recover, and the burden is upon the plaintiff, as I have before indicated, to make out these acts of negligence on the part of the defendant and the fact that they proximately resulted in his injury.”
“In short, the rule is this: the defendant company owed the plaintiff the duty of keeping that track at that point in a reasonably safe condition for use for the purposes it was intended for; and if it failed to do this it was negligent; and if the plaintiff’s injury was directly and proximately caused by this negligence he can recover, unless he himself was not in the exercise of ordinary care for his own safety which directly and proximately contributed to his own injury.”
In our judgment the rule thus given to the jury for its guidance in determining the nature and extent of the duty which the defendant rail»way company owed to the plaintiff is, under all the authorities, clearly a misleading and incorrect statement of the legal measure of the master’s duty in this case, and therefore was both erroneous and prejudicial. And the vice of this instruction was not extracted, or its prejudicial effect in this case cured, by reason of the court having at one time earlier in the charge stated the rule to be that: “The defendant owed to the plaintiff the duty of using ordinary care in providing him a reasonably safe place to work,” which statement *298 was immediately followed by and coupled with, the further statement that: “The plaintiff had a . right to rely upon the performance by the defendant of its duty to furnish him a reasonably safe place to work.” The most that can be claimed for the first paragraph of the instruction last above quoted, is that the same is a substantially correct statement of the rule so far as it goes, and is impliedly contradictory of the particular instructions herein complained of on the same subject. Which of these instructions the jury followed in this case it is impossible to say, and this court cannot assume that the jury selected the one statement of the rule which was -substantially correct, and rejected and disregarded the other statements of it which were clearly erroneous. Hence, the instructions challenged being manifestly erroneous as to a material matter, prejudice will be presumed, and the rule that error without prejudice is not ground for reversal, can have no application in the present, case. The jury in this case, by the instructions complained of, was in effect told, that the duty of the railway company to keep its track in reasonably safe condition was an absolute duty which the company owed to the plaintiff. Under such instructions, notwithstanding the company may have exercised due and reasonable care to have its' track, at the point of accident, in reasonably safe condition 'for the purpose for which it was then being used, yet, if the accident occurred by reason of said track being then in unsafe condition at that point, the company would still be liable, nothwithstanding its vigilance, and its exercise of reasonable care. Such we think is not the correct rule of law, as it places upon the company a different obligation, and imposes upon it a higher degree of care, than that which the law *299 exacts or requires. The extent of the master’s duty is to exercise reasonable and ordinary care, having due regard to the hazards of the service, to provide his employe a safe place in which to work. He is not an insurer or guarantor of the safety of such place, and the limit of his duty and obligation in this behalf is to exercise reasonable and ordinary care to see that his employe is provided with a safe place in which to perform his work, and whether the master is guilty of negligence in a particular case, must be determined, not from the condition of the place of work, but from the care used by him in providing and maintaining such place. The distinction or difference between the duty to furnish a reasonably safe place, and the duty to use reasonable and ordinary care to furnish such place, is too obvious to require discussion, and while in judicial opinions, of this and other courts, this distinction may not at all times have been kept in view and clearly expressed, yet, after careful examination of the authorities upon this subject we are led to conclude, and we believe, that nowhere has it been intended to hold that the law imposes upon the master the absolute duty to furnish to his employe a safe place to work. It follows that the instructions as given by the court of common pleas in this case, touching the duty of the railway company in this respect, were misleading, erroneous and prejudicial. Instructions of the character of those now under review were considered and held to be erroneous in C. B. & Q. R. R. Co. v. Merckes, 36 Ill. App., 195; Fearon v. Mullins, 35 Mont., 232; Hughley v. City of Wabasha, 69 Minn., 245; Armour & Co. v. Russell, 144 Fed. Rep., 614; Conway v. The Ill. Cent. R. R. Co., 50 Ia., 465; Wabash R. R. Co. v. Farrell, 79 Ill. *300 App., 508; L. & N. R. R. Co. v. Mounce's Admr., 24 Ky. Law Reporter, 1378.
2. It is also urged by plaintiff in error, as ground of reversal in this case, that the trial court erred in its instruction as to the quantum of evidence necessary to sustain the defense of contributory negligence. Upon this subject the court instructed the jury as follows: “So far as this affirmative defense by the defendant is concerned, the burden of proof to establish it by a preponderance of the evidence, is upon the defendant; and, in the event you find the plaintiff has made out the truth of his charge of negligence against the defendant, he would be entitled to recover a verdict at your hands, unless the defendant has so made out the truth of its affirmative defense wherein it charges the plaintiff with negligence by reason of which he was injured and his injuries were aggravated, and, if the defendant has satisfied your minds by a preponderance of the evidence, that notwithstanding the alleged negligence of the defendant the plaintiff was guilty of negligence which contributed directly and proximately, together with the alleged negligence of the defendant to produce this injury, the plaintiff cannot recover.” Attention and obedience to the language of this instruction would not permit the jury to determine the issue of contributory negligence in this case, upon a mere preponderance of the evidence, yet this measure of proof, in this character of case, is all the law demands or requires. By this instruction the jury was told, not only that the burden of proof was on the defendant to establish its affirmative defense of contributory negligence by a preponderance of the' evidence, but that if the defendant was negligent as charged, then plaintiff was entitled to a verdict *301 “unless the defendant has so.made out the truth of its affirmative defense.” And the jury was thereby further told and instructed that such affirmative defense, was so made out, “If the defendant has satisfied your minds by a preponderance of the evidence * * * that the plaintiff was guilty of negligence which contributed directly and proximately, together with the alleged negligence of the defendant, to produce this injury.” This instruction, therefore, in effect, imposed'upon defendant the requirement- — if it would make available the defense of contributory negligence— that it establish by a preponderance of the evidence the truth of such defense to the satisfaction of the jury. This was to place upon the defendant the obligation and burden of producing or furnishing a higher degree of proof than the law demands or exacts, and was therefore erroneous. In Davis v. Guarnieri, 45 Ohio St., 471, this court, in the eighth paragraph of the syllabus, declares the law to be that: “In the trial of a civil action where the preponderance of the proof is to determine the issues, the court or jury deals s-imply with the probabilities in the case.” And in the opinion, at page 490, Owen, C. J., says: “It is not necessary to the determination of the issues in a civil Case (with very few exceptions, of which the present is not one), that the triers should believe the existence of any material fact, but that the probabilities, when weighed by them, preponderate in favor of the fact which they find to be established by the proof.” While in the present case the instruction given by the court of common pleas touching the issue of contributory negligence is admitted by counsel for defendant in error to be objectionable, it is claimed on authority of Kelch v. State, 55 Ohio St., 146 that such instruction is not *302 erroneous, this claim of counsel being predicated wholly upon certain language or statements found in the opinion. The third paragraph of the syllabus in that case is as follows: “An instruction given to the jury in such case to the effect that the evidence introduced to establish insanity is not 'sufficient if it merely show it to have been probable. The proof must be such as to overcome the legal presumption of sanity; it must satisfy you he is insane/ requires of the defendant more than a preponderance of the evidence to maintain this' defense, and is therefore erroneous.” Without here quoting what was said by the learned judge who wrote the opinion in that case in discussing the charge then under consideration, we think it enough to say, that if the opinion in that case can properly be said to countenance the correctness of the instruction here under review, then such opinion was impliedly overruled by this court in the case of The Baltimore & Ohio R. R. Co. v. Linn, Admr., 77 Ohio St., 615, in which latter case this court reversed the judgment of the circuit court of Holmes county, stating as one of the grounds of reversal that: “Said circuit court erred in not reversing the judgment of the court of common pleas xor- error in instructing the jury that the defense of contributory negligence must be proven by defendant to the satisfaction of the jury by a preponderance of the evidence.”
In the case of The Toledo & Ohio Central Railway Co. v. Wren, 78 Ohio St., 137, cited by counsel for defendant in error, the question here presented was neither called to nor urged upon the attention of the court. In that case no objection whatever was made to the form of the instruction requested, and the only question considered and determined by the court in connection with said *303 instruction, was whether under the issues and evidence, the matter contained in said requested instruction was relevant and pertinent and should have been submitted to the jury. That it is error in a civil case, of the character of the one at bar, to instruct the jury that the party having the burden of proof must furnish evidence which will satisfy the jury has been so often held, and such instructions have been so frequently condemned, that there is longer little, if any, excuse, for the giving of such an instruction. The judgment of the circuit court will be reversed, and this case will be remanded to the court of common pleas for a new trial.

Judgment reversed and cause remanded.

Summers, Spear, Davis and Shauck, JJ., concur.