## LURIN HEILIG v. SOUTHERN RAILWAY COMPANY.

### (Filed 4 May, 1910.)

**1. Appeal and Error—Evidence—How Considered.**

On appeal from a judgment of nonsuit the evidence must be construed in the view most favorable to the plaintiff, and every fact which it tends to prove, and which is an essential ingredient of the cause of action, must be taken as established.

**2. Railroads—Master and Servant—Custom—Knowledge Implied—Duty of Master—Scope of Employment.**

A custom of nine years duration, without objection, of a railroad company's employees riding between stations on the road some two or three miles apart, on the steps of the engines or elsewhere, so they would not be crowded off by others, going to and from the discharge of their duties as such, charges the company with knowledge of the custom and imposes the duty on it to transport them thus in safety; and while so riding they are engaged in their master's business and within the scope of their employment.

**3. Same—Evidence—Nonsuit.**

There was evidence tending to show that since defendant had erected a coal chute at one of its stations, some nine years before the time complained of, it had increased the width of its engines and the liability to injure an employee riding by on the steps of its engine in accordance with an established and known custom; traveling at night under the direction of his superior, plaintiff, an employee, was injured by a post supporting this chute, there being evidence that this particular post had been further moved toward the track, which had been reported to defendant; plaintiff did not know the exact location of the posts, that one had been jerked forward, and the darkness prevented his seeing them; the plaintiff was injured by being struck by one of the posts as the engine was passing: *Held*, (1) it was defendant's duty to move back the posts which increased plaintiff's hazard in riding on the engine's steps, and was liable to plaintiff for damages proximately caused thereby; (2) the rule applying when persons are injured by alighting from moving trains does not in strictness apply in this case, it not appearing that plaintiff was in the act of alighting.

APPEAL from *Webb, J.*, at November Term, 1909, of CABARRUS.

At the conclusion of plaintiff's evidence defendant moved for judgment as of nonsuit. Motion allowed. Plaintiff excepted, and appealed to this Court. This action was brought to recover damages for injuries received by plaintiff while in the service of defendant, the plaintiff alleging specifically the negligent acts of defendant resulting in his injury; the defendant denying any negligence and pleading the contributory negligence of the plaintiff. The evidence offered by plaintiff tended

to show that, at the time of his injury and for eight months prior thereto, he was in the employ of the defendant at its shops at Spencer, N. C.; that he belonged to the floating gang, under the control and orders of Captain Howell, his foreman, and "boss man"; that he was to obey his orders and do what he directed; that on the afternoon plaintiff was hurt, 12 July, 1902, he was ordered by Captain Howell to go to Salisbury to help unload a supply car; that this was about 6 P. M.; that when the car was unloaded the engine on which he rode from Spencer to Salisbury had returned; that in a short time he caught another engine going to Spencer; that Captain Howell instructed him to come back on an engine; that it was the custom, and had been for nine years, for the employees to ride back and forth, from Spencer to Salisbury, on defendant's engines; that plaintiff got on the steps on the engine, in sight of the engineer, only about two feet from him; that plaintiff was dressed as an employee of defendant; that he was standing on the steps of the engine close to the cab; that he did not go in the cab because the engineer did not allow negroes in the cab; that it was the custom of defendant's employees to ride on the steps of its engines; that as he was riding down to Spencer, the night being dark, the engineer suddenly and rapidly ran his engine by a curved cross over to a sidetrack running next to a coal chute, not the usual track for engines running from Salisbury to roundhouse; the engine was a very large passenger engine and it passed within a few inches of the posts supporting the coal chute, almost touching the last one; these posts had been stationed about nine years before the accident and before defendant had begun to use engines as wide as the engine on which plaintiff was riding, and as he passed one of the posts, perhaps the first post, plaintiff was struck by the post and knocked to the ground, the tender running over his left foot, rendering amputation necessary. It appeared that for some time prior to the injury an apron over the pier or post had been knocked off and the post jerked out some three or four inches. This had been reported to the defendant. From the place where the plaintiff was found it is probable this post struck him. The darkness of the night prevented plaintiff from seeing the posts, and he did not know their exact location or that one had been jerked nearer the track. Several witnesses were examined, among them Captain Howell, whose testimony corroborated plaintiff's statement.

*Montgomery & Crowell* for plaintiff.
*L. C. Caldwell* for defendant.

MANNING, J. This appeal being taken from the judgment of nonsuit entered on defendant's motion made at the close of plaintiff's evidence, it is well settled by the decisions of this Court that the evidence "must be construed in the view most favorable to the plaintiff, and every fact which it tends to prove, and which is an essential ingredient of the cause of action, must be taken as established, as the jury, if the case had been submitted to them, might have found the facts from the testimony." *Freeman v. Brown,* 151 N. C., 111; *Morton v. Lumber Co., ante,* 54, and cases cited.

The recital of the evidence will be sufficient to show that the case ought to have been submitted to the jury. It is not our duty to determine its weight, or to pass upon the credibility of the witnesses.

It appears from the evidence that it had been the custom, for nine years, of the employees of defendant to ride on its engine passing from Salisbury to Spencer, and that no objection was made to this by the defendant; that it was customary for them to ride on the steps of the engine or anywhere else thereon, where "they would not be crowded off by others"; the distance was only two or three miles, and the usual track taken by the engines was not the one next to the coal chute.

We held, in *Farris v. R. R.,* 151 N. C., 483, that the defendant is charged with knowledge of a custom of its employees in crossing its tracks, where the custom had existed as long as six months. Likewise, it must be held charged with knowledge of a custom of its employees to ride on its engines running from Salisbury to Spencer, in the discharge of their duties, where such a custom is shown to have existed for *nine* years, without the slightest protest or objection. As the defendant has, therefore, permitted this custom to become established among its employees, it is clear that the defendant owed them the duty to use due and reasonable care to transport them in safety. It cannot permit obstacles to exist so close to the tracks traversed by such engines as to endanger the life and limb of its employees using its engines in accordance with a custom so long established. The hazard to employees riding on the engines traversing the track nearest the coal chute having been increased by the greater width of the engine, it became the duty of the defendant to move back from the track the piers or posts supporting the coal chute, which increased the peril to its employees, or to discontinue the use of that track for such engines.

If plaintiff had begun to alight from the engine, the rule that persons injured by alighting from a moving train cannot recover for injuries received, does not apply in this case with

absolute strictness. *Reeves v. R. R.,* 151 N. C., 318. The evidence that this plaintiff was so injured does not clearly appear; he says that he had put one foot on the stirrup of the engine preparatory to alighting, when he was stricken and knocked off.

In *Texas Pacific Ry. Co. v. Swearingen,* 196 U. S., 51, a case similar to this in the particulars of injury received by the appellee, the Court held: "Knowledge of the increased hazard resulting from the negligent proximity to a railroad track of a structure will not be imputed to an employee, using ordinary diligence to avoid it if properly located, because he was aware of its existence and general location. It is for the jury to determine from all the evidence whether he had actual notice." The plaintiff in the present case testified that he was looking ahead, but on account of the darkness he could not see the post which struck him and did not know of its dangerous proximity to a passing engine. In returning from Salisbury, where he had been directed to go in the discharge of his duties, and in returning in the manner he was directed to return and as it was the custom of the employees to return, the master (the defendant) owed him the same duty as it did to provide a safe way for transporting him to Salisbury from Spencer, and in so returning he was doing the work directed by his superior to be done. He was still the servant engaged in his master's business and in the scope of his employment. The duty of the master under such conditions has been so frequently stated that it has become elementary.

In our opinion, the case ought to have been submitted to the jury, and in allowing the motion of nonsuit there was error, for which a new trial is ordered.

New trial.