## Jellico Coal Mining Company v. Woods.

(Decided September 18, 1913).

### Appeal from Whitley Circuit Court.

Mines and Mining.—It is the duty of mine owners to exercise ordinary care to keep the entries used by the miners in reasonably safe condition, and if a miner, while in the line of his employment, is injured by the failure of the owner to perform this duty, he may recover damages.

TYE & SILER for appellant.

R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this action to recover damages for personal injuries, the appellee had a judgment in his favor for $350 against the appellant company. A reversal of the judgment is asked for alleged error of the lower court in failing to direct a verdict in its favor and in giving erroneous instructions.

Briefly the facts are these: The appellee was employed as a miner, and after loading his cars with coal in the room where he was at work, he went into the adjacent entry for the purpose of going to the place where the driver was, so that he might notify him that his cars were loaded and ready to be taken out, and while walking through the entry on this business he was caught and injured by slate that fell from the roof of the entry.

The right to recover damages was put upon the ground that the company negligently permitted the roof of the entry to be and remain in an unsafe condition. A peremptory instruction was asked by the company upon the theory that appellee was not injured while in its service or performing any duty that he owed to it, but while he was going on an errand that concerned him alone and one that was outside the scope of his duties and the line of his employment, and, therefore, it was

under no duty to keep the entry in a reasonably safe condition so far as he was concerned, and not liable in damages for the injury that happened to him; and upon the further ground that there was no evidence of negligence on the part of the company.

The evidence shows that appellee had been directed to and was in the habit of notifying the driver when his cars were loaded, so that he might take them out and bring him empty cars, and accordingly appellee, in going through the entry for the purpose of notifying the driver, was acting in the line of his service and the company was under a duty to exercise ordinary care to keep the entry through which he was going in a reasonably safe condition.

It is further said that there is no evidence to show that the company failed to exercise the required care in looking after the safety of the entry, but there is evidence that the mine foreman, whose duty it was to inspect the entry, had not been in the entry where appellee was injured on the day of the injury or the preceeding day, and a witness whose duty it was to prop the entry testifies that he told the mine foreman about the time of the injury that the entry at the place where the roof fell ought to be timbered, and that the mine foreman replied that they did not intend to timber the cross entries and were going to try to get the coal out without doing it. This witness further testifies that when he went to repair the roof after appellee was injured he found two or three hundred feet of the roof in such condition that it had to be repaired or made safe. This evidence was sufficient to show that the company did not exercise ordinary care to keep the entry in a reasonably safe condition.

The instructions, although criticized by counsel for appellant, fairly submitted to the jury the law of the case as we understand it. They told the jury in substance that it was the duty of the company to exercise ordinary care to keep and maintain the entry in a reasonably safe condition, and that if it failed so to do and appellee was injured as a direct result of such failure, they should find for appellee such a sum in damages as would compensate him for pain and suffering and the loss of his powers to earn money. They were further told that it was the duty of appellee to exercise ordinary care for his own safety, and that if the failure on his part to exercise such care brought about the injuries

complained of, the company was not liable. It is further suggested that the verdict is excessive, but there is no merit in this contention.

The judgment is affirmed.